A. L. PORTER *vs.* MARTIN S. CHANDLER.

October 28, 1880.

**Contract to carry on Farm on Shares.**—A certain contract to till and carry on a farm, the compensation for tilling and carrying it on to be paid in one-half of the grain raised on the farm, all grain, corn, straw, grass, hay, and all other crops to belong to the owner of the farm, construed to be a contract of hiring, and not to make the party hired a part-owner of the crops.

**Replevin—Defendant not in Possession.**—In an action of replevin, where the court, without objection or exception on the part of defendant, instructs the jury to find for plaintiff for the value of the property, the defendant, unless the objection was made at some other stage of the trial, cannot afterwards be heard to claim that the action cannot be maintained because the property was not in defendant's possession when it was commenced.

**Evidence of Value of Grain.**—Upon an issue as to the value of grain on a farm it is proper to prove what was the usual and proper market for the grain.

Appeal by defendant from an order of the district court for Goodhue county, *Crosby,* J., presiding, refusing a new trial.

*J. H. Case,* for appellant.

*Edgerton & Edgerton,* for respondent.

GILFILLAN, C. J. Replevin to recover 444 bushels of wheat. The wheat was grown on a farm belonging to plaintiff, under a contract between him and Henry and A. Linnemann, by which, in substance, he hired and employed them to till and.

carry on the farm from January 2, 1877, to November 2, 1877, at their own cost and expense; to sow 80 acres in wheat, 10 acres in oats, and 10 acres in corn; to harvest, thresh and clean the grain in good order for market, and before October 15th to place it in bins and places designated by him on the farm, all the work to be done under his orders and directions. In compensation for which he agreed to allow them, at the end of the term, one-half of all the grain raised, excepting and deducting therefrom all claims for advances by him, and all other claims due and demands he might have against them at the end of the time; all the grain, corn, straw, grass, hay, and all other crops, to belong to him. The wheat in controversy was part of that raised under this arrangement, and had not been separated and set apart as the property of the Linnemanns when it was levied upon and taken by defendant, sheriff of the county, under execution against them.

It is clear that the contract is just what it purports to be, a contract of hiring, and the exclusive property in the crops was in plaintiff until he should set apart for the Linnemanns the amount they might be entitled to in payment of the balance due them at the end of the time specified. The several requests of defendant for instructions to the jury were all based on a wrong theory of this contract, the first assuming it to be a chattel mortgage, and the second and third that it constituted the Linnemanns part-owners in the wheat. The requests were all properly refused.

The court then instructed the jury to return a verdict for plaintiff for the value at the time and place of the taking of the wheat in controversy, it appearing from the answer and the evidence that defendant had sold it before action brought. To this instruction there was no exception, and the jury found as instructed. Had defendant desired to make the objection that the action, being in replevin, cannot be maintained for recovery of the value of the property because the defendant was not in possession of the property when it was brought, he should have made it by exception to this instruc-

tion.   By not making it then he waived it, admitted that the instruction was correct, except for the propositions contained in his requests.

Neither of the Linnemanns was agent for plaintiff in such sense as to make his declarations in respect to anything involved in this action evidence against the plaintiff.   The conversation between one of them and defendant was, therefore, properly excluded.

It was correct for the court to allow proof of where was the usual and proper market for the wheat in suit.   If such usual and proper market was at a distance, the value of the wheat where taken would be controlled by the value at such market, and the cost of transporting there.

Order affirmed.