CHARLES A. COUCH v. WILLIAM E. STEELE and Others.[1]

January 24, 1896.

Nos. 9803—(254).

**Witness—Leading Questions.**

Conceding, without deciding, that the plaintiff was not entitled, under G. S. 1894, § 5659, to examine the defendant Wait as if under cross-examination for the purpose of using his deposition as evidence against the defendant Steele, still there was no error in admitting the deposition, the only objection being that some of the questions put to the witness were leading.

**Same.**

Permitting a party to put leading questions to his own witness is largely within the discretion of the trial court, and is not ordinarily a ground for a new trial.

**Assignments Considered.**

Other unimportant assignments of error considered.

Appeal by defendant Steele from an order of the district court for Hennepin county, Jamison, J., denying a motion for a new trial, after a verdict against him for $1,334.42. Affirmed.

*Koon, Whelan & Bennett,* for appellant.

*Rea, Hubachek & Healy,* for respondent.

MITCHELL, J. This was an action to recover for supplies alleged to have been furnished to the defendants as partners, while engaged in carrying on and operating the Holmes Hotel in Minneapolis. Both defendants answered separately, but Wait did not appear at the trial, the contest being entirely between the plaintiff and the defendant Steele; the contention of the latter being that he was in no way interested in the business, that Wait carried on and conducted the business exclusively as his own; while the contention of the plaintiff was that Steele was the actual principal, and that Wait was merely his agent in managing the business. As the trial resulted in a verdict against Steele alone, the jury must have found that plaintiff's contention was true. While the evidence was quite conflicting, it justified the verdict, which is all that is necessary to say on that subject.

[1] Reported in 65 N. W. 946.

2. The plaintiff, upon notice, took the deposition of Wait at Kansas City. This deposition was admitted and read in evidence on the trial, under Steele's objection and exception. It appeared from the deposition that, when Wait was called for examination, plaintiff's counsel announced that he was called to be examined as if under cross-examination, under G. S. 1894, § 5659. Defendant Steele interposed several objections to the admission of the deposition, the two principal ones being: First, that the statute referred to only applies to adverse parties actually produced as witnesses in open court upon the trial; second, that Wait and plaintiff were not really adverse parties, but in fact coparties, aiding each other in the prosecution of the action against Steele.

Much of the argument of counsel is occupied with a discussion of the construction of this statute; but it seems to us that this question is merely speculative in the present case. Wait was a competent witness. The plaintiff did not attempt to impeach this witness, or to avail himself of any of the privileges given by the statute, unless it was to propound to the witness some questions that would, under ordinary circumstances, be deemed somewhat leading. These were not so numerous or of such a character as to prevent a full and fair examination of the witness, which was quite exhaustive, going over the entire field of his relations to Steele and to the Holmes Hotel, and in which Steele's counsel exercised their right of cross-examination quite freely. Permitting a party to ask his own witness leading questions is largely within the discretion of the trial court, and, unless this discretion is grossly abused, is not a ground for a new trial. We do not recollect a case in the books in which a new trial was ever granted on any such ground. See Green v. Gould, 3 Allen, 465. Upon an examination of this deposition, while we find some few questions which the court might, in its discretion, have excluded as leading, these were certainly not so numerous or of such a character as to render it error for the court to admit them.

3. Evidence that Steele paid Sexton's bill for supplies for the hotel, furnished under the same circumstances as the bills sued on, was admissible for what it was worth, as being in the nature of an admission of his liability. If there were any circumstances ex-

planatory of the act which would have avoided its apparent force as an admission, it was for Steele to show them.

4. We discover no error in the charge of the court. While the ownership of the furniture in the hotel was not directly in issue, yet, if it had been in fact purchased by Steele, that was a circumstance proper to be considered by the jury in determining whether he or Wait was the principal in carrying on the hotel business.

The objection is urged to various instructions of the court to the effect that, if they found so and so, then certain things would follow, without limiting the findings to the evidence. The subject of these instructions were all matters upon which there was evidence. In the course of its charge, the court had repeatedly referred to the evidence, and used the expression "if you find from the evidence," and also instructed the jury that the burden was on the plaintiff to prove his case by a preponderance of the evidence. It is not necessary in every sentence to expressly tell a jury that their findings are to be limited to and based upon the evidence. That is presumably understood by every intelligent juror. And, if the defendant's counsel apprehended any danger of the jury being misled by the absence of such a limitation, they should have specifically called the attention of the court to it.

The other assignments of error have not been overlooked, but we find nothing in them worthy of special notice.

Order affirmed.