# GUST B. EICHORN v. JOSEPH SCHOCHIE.[1]

January 12, 1923.

No. 23,197.

**Verdict in favor of defendant in replevin sustained.**
    1. The evidence sustains a verdict that defendant, a purchaser of personal property on deferred payments, was never in default, and that defendant did not put the property to unlawful use.

**Verdict of jury as to value of property sustained.**
    2. Upon the admission in the pleadings and the evidence offered, the finding of the jury as to the value of the property is sustained.

**Ruling of trial court on asking leading question not assignable as error.**
    3. The extent to which the court may permit counsel to ask leading questions of his own witness, is a matter resting almost entirely in the discretion of the trial court, and the ruling of the court on such matters cannot be assigned as error.

Action in the district court for Ramsey county to recover possession of a Ford car or for $500, the value thereof. The case was tried before Hanft, J., and a jury which returned a verdict of $438.94 in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*James Manahan, Thomas V. Sullivan* and *J. D. Hoogesteger*, for appellant.

*Leslie C. Smith*, for respondent.

[1]Reported in 191 N. W. 737.

HALLAM, J.

1. Plaintiff sold a Ford car to defendant for $600. The agreement was verbal. Two hundred dollars was paid down. Payment of the balance was deferred. Plaintiff claims defendant was to pay the whole amount within three months. Defendant claims he told plaintiff he expected soon to get the money, but if not, then he was to pay $35 a month. Plaintiff testified that it was agreed that he was to retain title to the car until paid for. Defendant in his testimony admitted this. Possession was delivered to defendant. After defendant had paid instalments amounting to $208, in addition to the initial payment of $200, a dispute arose, and plaintiff replevied the car. If plaintiff's contention as to the agreement was correct, defendant was in default, and plaintiff was entitled to repossess himself of the car. If defendant's contention was correct, he was not in default and was entitled to retain possession, as long as he made payments as agreed. The jury found for defendant. The evidence sustains this finding.

Plaintiff claimed that defendant was using the car for an unlawful purpose and that for that reason plaintiff was entitled to repossess himself of the car. Defendant denied the unlawful use. The jury found for defendant. The evidence sustains the verdict on this point.

2. The car was not rebonded by defendant and before the trial was resold by plaintiff. The court instructed the jury that, if they found for defendant, they should find the value of the car, and render an alternative verdict in that amount. The complaint alleged the value to be $500. The answer expressly admitted this. There was no issue in the pleadings on this point. Nevertheless, both parties submitted evidence as to value, and apparently voluntarily litigated that question. The figures given by witnesses ranged from $125 to $600. The jury found the value to be $408. Plaintiff claims this is excessive. In view of the evidence and the admission in his pleading, plaintiff cannot well complain. Plaintiff in his pleading admitted the value to be $92 more than the amount found by the jury. The fact that the value found by the jury was the amount defendant had paid, does not vitiate the verdict.

The instruction of the court permitted defendant to recover the full value of the car, not merely the value of his interest. Plaintiff took no exception to this instruction and it is the law of the case. Porter v. Chandler, 27 Minn. 301, 7 N. W. 142, 38 Am. Rep. 293; Berg v. Sloan, 53 Minn. 116, 54 N. W. 943; Kruta v. Lough, 131 Minn. 13, 154 N. W. 514.

3. Plaintiff's counsel asked one of his witnesses if defendant ever talked with him about using the car for any particular purpose. He answered no. Counsel then asked whether defendant had talked with him relative to whether the car was being used for carrying liquor. The court sustained objection to this question on the ground that witness had already said that he had no conversation with defendant on the subject at all, and that the question was leading and suggestive. Plaintiff contends that he was surprised by the answer, and that the witness did not understand his question, and that he should have been permitted to ask this leading and suggestive question. Whether such questions should be permitted is a matter resting almost entirely in the discretion of the trial court. The ruling of the court on such matters cannot be assigned as error. Couch v. Steele, 63 Minn. 504, 65 N. W. 946; 1 Greenleaf, Ev. § 435.

Order affirmed.