R. L. STEELSMITH AND ANOTHER v. JOHANN JOHANNSEN AND OTHERS.[1]

January 16, 1925.

No. 24,377.

**Insufficient evidence that mortgagee had actual notice of contents of lease.**

Record examined and *held* that the evidence was insufficient to sustain a finding that a mortgagee at the time of taking its mortgage had actual notice of the contents of a lease containing a chattel mortgage clause, but not filed for record.

Action in the district court for Mower county. The case was tried before Peterson, J., and a jury which returned a verdict for $321.50 against defendants. From an order denying its motion for a new trial, First State Bank of Freeborn appealed. Reversed.

*J. O. Peterson,* for appellant.
*F. G. Sasse* and *R. A. Dunnette,* for respondents.

PER CURIAM.
Plaintiffs rented a farm for the season of 1922 to one Johannsen by a written lease giving the tenants one-half of crops and landlord one-half and cash rent for pasture, etc. The tenant gave a chattel mortgage to

[1]Reported in 201 N. W. 917.

defendant bank December 31, 1921, covering his share of the crops and other property. It was filed for record in the proper office January 22, 1922. Thereafter the lease was also filed for record. On December 19, 1922, Johannsen had an auction sale. At that time there remained unpaid on the chattel mortgage to the bank $1,766.92 and interest in the sum of $141.45. Before the sale began and on the day of the sale plaintiff Palmer appeared at the farm and negotiated a settlement with Johannsen as to the cash rent which was agreed to be $380. The tenant gave a written order to plaintiffs on defendant bank to pay them this amount. Plaintiffs now claim that defendant through its cashier, who clerked the sale, unconditionally agreed to pay them the $380 from the proceeds of the sale. The bank claims that it agreed only to pay it in the event there were sufficient funds left from the sale after the expenses of sale and its chattel mortgages were paid in full. It did pay to plaintiff $80.03 which was the excess. This action was brought to recover the balance of $299.97. The court submitted to the jury the respective claims as to what the contract was and they found for the plaintiffs. The bank now appeals from an order denying its motion for a new trial.

In the absence of an agreement to the contrary the bank would be entitled to assert its mortgage claim against the property. Plaintiffs' contract contained a chattel mortgage clause which gave plaintiffs a second chattel mortgage upon the grain. The crops were divided. Plaintiffs claimed that the bank had actual notice of the terms of their lease and by reason thereof its chattel mortgage was subordinate to the mortgage contract of plaintiffs; that plaintiffs, having such first mortgage on the crops, waived the same in consideration of defendant's agreement to pay the $380; this was pointed to as the necessary consideration to support the alleged contract.

Defendant requested an instruction in this language:

"The defendant's exhibit is a valid chattel mortgage given by the defendant Johannsen to the defendant bank and that the defendant bank was the owner of the proceeds from the sale of the property described in the mortgage to the extent necessary to pay the debt owing in accordance with said mortgage by the defendant Johannsen."

This request was given in substance but immediately modified by this language:

"There is one condition though. Unless you find that the defendant bank had actual notice or knowledge of the conditions of plaintiffs' lease, in which case the filing would not be controlling on any of the parties. In other words, if the bank knew of plaintiffs' claim under this lease before it took the mortgage, it would be subject to plaintiffs' rights."

This modification rested upon testimony elicited from the cashier of the bank on cross-examination. He testified that he had been connected with the bank for 17 years. That no lawyer lived in Freeborn. That he did a good deal of work drawing leases and mortgages. That he had on hand a supply of Booth forms of leases and of chattel mortgages. That he was familiar with different forms of blanks. That he had such knowledge when he prepared the chattel mortgage which the tenant gave to the bank. That he then knew Johannsen was a tenant under a half share crop lease securing the landlord and that was why he specified in the mortgage "undivided one-half interest in and to any crops of all kinds." That the tenant did not show him his lease. That he knew what a lease of that kind generally contained. That he knew something about the form of the blank used, but he had not then seen it. That he was familiar with Booth form 264, the kind used, and had seen and made out a good many of them and that he knew this lease must be upon a form something like that. That he didn't know anything about this lease, but knew such leases in general. That he knew such leases gave the landlord security for the payment of cash rent, but that he did not know there was any cash rent to be paid by this tenant to plaintiffs. It clearly appeared that the witness knew nothing of the contents of the lease and did not know it was on form 264. His testimony was directed to blank leases generally. The evidence does not show that the witness ever saw this lease nor that he was ever advised as to its contents. The fact that he was familiar with blanks of this character, perhaps in general use, will not do. We are of the opinion that the evidence is insufficient to sustain a finding of actual notice of the contents of the lease on the part of the bank. The modified instruction was therefore erroneous. Appellant, upon the record, was entitled to have the instruction given as requested and it becomes necessary to have a new trial.

Reversed.