# HELEN USHER v. CHRIS L. ECKHARDT.[1]

January 11, 1929.

No. 27,030.

See note in 33 A. L. R. 190; 4 R. C. L. Supp. 1333; 6 R. C. L. Supp. 1179. See 20 R. C. L. 290; 3 R. C. L. Supp. 1095; 4 R. C. L. Supp. 1351; 5 R. C. L. Supp. 1096; 6 R. C. L. Supp. 1202; 7 R. C. L. Supp. 673.

[1]Reported in 222 N. W. 924.

Peterson & Jackson, for appellant.
John P. J. Dolan, for respondent.

HILTON, J.

Appeal by the defendant from an order denying a motion in the alternative for judgment notwithstanding the verdict or for a new trial.

Defendant owns and operates a number of restaurants in the city of St. Paul, the one here involved being located on the first floor of the Moore building on West Fourth street. Plaintiff is a dressmaker, living and having her place of business on the second floor of that building. This action was brought to recover damages for injuries sustained in a fall in the restaurant claimed to be due to negligence of the defendant. Action was for $10,650; the jury returned a verdict for $750. A motion for a directed verdict was made by the defendant at the close of the evidence, which was denied. There was a substitution of attorneys; present counsel for defendant did not try the case in the court below.

The first seven assignments of error, properly alleged, are based on the claims (1) that no negligence was proved on the part of defendant warranting this submission of the question to the jury or to justify it in finding such negligence; (2) that the evidence conclusively established contributory negligence of plaintiff; the eighth questions the denial by the court of a motion for a new trial based upon the ground of newly discovered evidence; the remaining seven have to do with rulings on the admission of evidence and claimed errors in the charge of the court.

■ Plaintiff was a frequent patron of the restaurant. On July 2, 1927, at 3:30 o'clock p. m., accompanied by her sister, she entered the restaurant for lunch. There were no tables nor room for them in the place, patrons using stationary stools along a counter which was located only four and one-half feet from the west wall of the room. They occupied seats near the rear of the room. In going

to their seats, they walked over a level wooden floor where the accident later happened; it was then dry and safe. A porter, an employe of defendant, while they were eating, commenced to mop the floor near the entrance door and between it and the place where plaintiff was seated. His operations were not in her line of vision. Plaintiff, after finishing her lunch, followed by her sister, started for the door. The former, when near the front end of the counter, while looking at her meal check and thinking of getting her money out, slipped and fell backward. Her head struck against the wall. Her spine hit the floor and was injured.

Plaintiff testified that she did not see the porter at work, paid no attention to him, did not know he was mopping and did not see the slippery floor until after falling. Her sister testified much to the same effect and that she smelled soap after plaintiff fell. Both testified that the floor was soapy and wet. The porter said no soap was used in the mopping; that he used only water and dried the floor with a wrung-out mop and that it was left only damp. Another employe of defendant testified practically to the same effect.

There was testimony that in the fall the heel of plaintiff's shoe made a streak on the soapy floor. There is no question but that the floor was in a different condition than when plaintiff entered the restaurant. There was no evidence that she had ever seen mopping done there when in the place before. Under skilful examination by adroit counsel, plaintiff was mixed up to some extent in her testimony but not sufficiently to require the court and jury to disregard it. There was no evidence as to the custom of cleaning restaurants and other public places during business hours, and we cannot, as suggested, take judicial notice of any such custom. The evidence was largely conflicting; manifestly we cannot recite it nor is it necessary. Magnuson v. Burgess, 124 Minn. 374, 145 N. W. 32; 1 Dunnell, Minn. Dig. (2 ed.) § 415(a).

A recital of the able discussion pro and con by counsel of cited cases where accidents happened due to falling on slippery places, discernible or movable objects will serve no useful purpose here or be of benefit to the profession. This case rests upon its own facts.

After a careful examination of the entire record, we are satisfied, as was the trial court, that there was, both as to negligence of defendant and the claimed contributory negligence of plaintiff, a question of fact for the jury. The burden was upon plaintiff to prove the former and upon the defendant to prove the latter. The determination of the jury was sufficiently supported by the evidence and must stand. The rule is well established as to the weight to be given a verdict and need not be restated. 1 Dunnell, Minn. Dig. (2 ed.) § 415; 5 Dunnell, Minn. Dig. (2 ed.) § 7154, and cases cited.

■ Did the court err in refusing to grant defendant's motion for a new trial on the ground of newly discovered evidence? The matter of granting new trials on that ground rests very largely in the discretion of the trial court. This discretion is to be exercised cautiously and sparingly and only in furtherance of substantial justice. 5 Dunnell, Minn. Dig. (2 ed.) § 7123, et seq. and cases cited.

Five affidavits were presented, three of which do not have to do at all with newly discovered evidence. They relate to the necessity for taking X-rays properly to diagnose an injury to the coccyx and also rehearse a matter of dispute between physicians which was fully brought out at the trial. One of the other affidavits is made by Mrs. Wright, the wife of a janitor in the Moore building, in which she states that the day following the accident she had a talk with the plaintiff in which the latter said that she had fallen on the floor in the restaurant but had not been hurt much and that it was her own fault. The fifth affidavit is by the defendant, stating the manner in which he obtained the information relative to the claimed statement of plaintiff to Mrs. Wright and that it could not, with the exercise of reasonable care and diligence, have been obtained before. The alleged evidence recited in the Wright affidavit would only go to affecting the amount of damages and the question of plaintiff's contributory negligence. As to the former it would have little, if any, weight due to the amount of lay and expert testimony received on that subject. There is no claim that the verdict was excessive. As to the latter, it was well within the discretion of the court to determine that a new trial should not be granted.

The control of a trial court over the matter of allowing leading questions is practically absolute; and it will only be in instances where the power has been grossly abused, resulting in a manifest miscarriage of justice, that a new trial will be granted. Couch v. Steele, 63 Minn. 504, 65 N. W. 946; Eichorn v. Schochie, 154 Minn. 261, 191 N. W. 737; 1 Dunnell, Minn. Dig. (2 ed.) § 399; 5 Jones, Ev. (2 ed.) § 2324, et seq.

The other alleged errors are predicated upon other rulings of the court upon the admission of evidence and as to errors in the charge. We have carefully examined them all and have reached the conclusion that no reversible error was committed.

Order affirmed.

