ANNA AND H. S. McINTYRE v. VICTOR HOLTMAN AND ANOTHER.[1]

February 8, 1935.

Nos. 30,201, 30,208.

[1] Reported in 258 N. W. 832.

*Sexton, Mordaunt, Kennedy & Carroll,* for appellants.
*Charles F. Kelly* and *Gordon J. Mangan,* for respondents.

JULIUS J. OLSON, JUSTICE.

Two actions, one by Mrs. McIntyre to recover damages for personal injuries, the other by her husband for consequential damages, both causes arising out of the same accident, were tried together below and are consolidated on appeals from separate orders made by the court below denying defendants' blended motions for judgment notwithstanding or new trial.

Defendants are copartners in the business of operating a grocery and meat market in Minneapolis. The business is conducted in a room 40 by 43 feet, in the center of which is a cashier's cage surrounded by a counter 43 inches in height. There are the usual counters and aisles found in such places. The floor is of birch, was sanded some two years prior to the date of the accident, and was smooth. It was customary for defendants to oil the floor about once a month. On the night preceding the accident the floor had been oiled by the employes. The work was done in this fashion: From a gallon and a half to two gallons of oil were poured from a container into a pail. Mops were then used, dipping the same into the pail, and then applying the oil adhering to the mop to the floor. This was done to get the dirt loosened. A rubber scraper, something similar to what is commonly used in cleaning windows, was then used in going over the oiled surface so as to make an equal distribution of the oil upon the floor. This was followed by a dry mop which was used to gather the loose oil, rub it into the floor, and "polish it up" so as to make a smooth surface.

During the forenoon of September 28, 1932, perhaps shortly before 11 o'clock, Mrs. McIntyre entered the store in the usual manner to make some purchases. Both plaintiffs are and have been customers of the store over a period of many years. While so in the store attending to her errand and while turning from the side of the store where the meat market was conducted and when approaching near the cashier's cage, intending to go where she had left her groceries immediately theretofore purchased, she slipped, striking the ledge or counter surrounding the cashier's cage, and thereby sustained the injuries of which complaint is made. The floor where she fell was less worn and was more smooth than the floor in the other parts of the aisles where more extensive traffic had left the floor somewhat worn and not so smooth. In describing the accident Mrs. McIntyre said: "My feet went out from under me, and the right side of my head hit the ledge of the cage and I fell backwards and struck the back of my head and lay on the floor." She was assisted to her feet by some of the clerks in the store. She was somewhat stunned and shocked. Upon arrival at her home she examined her shoes and stockings and "found a smudge of oil on the stockings." She also observed upon being raised to her feet that there were long streaks made in the oil on the floor where she had slipped. Her husband verified her claim respecting the oily condition of her stockings and also testified that he had a conversation sometime thereafter with one of the defendants, Mr. Holtman: His testimony is as follows:

Q. "Tell us what he said, in his words, as near as you can.

A. "He said their experience was that for several hours after the floor was oiled, the section, the surface of which was relatively unworn, did not absorb the oil, and that very often a thin film or coating of oil remained on top of the floor.

Q. "At what point?

A. "At this point and at similar points in the store. He also told me on that occasion that he himself had at various times found himself—

Mr. Merriam: "Just a moment. I object to anything that happened at various times, at other times.

The Court: "He may state what he said.

A. "He stated that he himself had at various times found himself near falling on sections of the floor similar to this particular section, at a greasing period, after the floor had been oiled."

As is customary in cases of this nature, defendants claim that negligence is not shown and that plaintiff was guilty of contributory negligence. The facts as above outlined sufficiently state the basis for recovery. Further recital of them is unnecessary.

The general duty of a shopkeeper is accurately stated in 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 6987:

"One who keeps a store or shop is bound to exercise reasonable care to keep it in a safe condition for his customers and others whom he invites, expressly or impliedly, to enter on business with him."

Numerous cases are cited under note 69. Further citations will be found in the supplement, same section. For further cases on the subject see annotations in 33 A. L. R. 181; 43 A. L. R. 866; 46 A. L. R. 1111; 58 A. L. R. 136. The cases in this state having a special bearing upon this subject are Landy v. Olson & Serley S. & D. Co. 171 Minn. 440, 214 N. W. 659; Usher v. Eckhardt, 176 Minn. 210, 222 N. W. 924.

We think the evidence in the case amply justified the trial court in submitting to the jury the questions of defendants' negligence and plaintiff's (Mrs. McIntyre's) contributory negligence.

Other assignments of error have been considered but found to be without merit.

Both orders are affirmed.