## AGNES M. DRISCOLL v. BOB WALLACE MERCANTILE COMPANY.[1]

May 8, 1936.

No. 30,709.

*Leo J. Seifert,* for appellant.

*Frank E. Dougherty, John W. Flynn,* and *McCune & McCune,* for respondent.

[1]Reported in 266 N. W. 879.

DEVANEY, CHIEF JUSTICE.

Action by plaintiff, Agnes M. Driscoll, for damages for personal injuries resulting from a fall.

On October 14, 1933, at about 10:30 o'clock in the forenoon, plaintiff, a woman of 59 years, entered the defendant mercantile store in the city of Fairmont in the course of an ordinary shopping excursion. As she walked along the main aisle toward the rear of the establishment she slipped and fell, thereby sustaining the injuries complained of.

About a week or ten days prior to the accident defendant had oiled the floors in its store. It is the claim of the plaintiff that the defendant was negligent in thereafter maintaining the floor in a slippery and dangerous condition.

The case was tried to a jury, which returned a verdict for plaintiff in the sum of $1,090. Defendant moved for judgment notwithstanding the verdict, which motion was denied, and judgment was entered in favor of the plaintiff. This appeal is from the judgment.

Only one question is presented: Is the evidence of defendant's negligence sufficient to justify the verdict?

One who keeps a store or shop is bound to exercise reasonable care to maintain it in a safe condition for customers and others who are invited expressly or impliedly to enter for business purposes. 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 6987. There is ample evidence in the record in this case to support the finding that the defendant did not exercise the requisite care in maintaining the floors. There is testimony to the effect that there was free oil on the floor, particularly at the spot where the plaintiff fell. The plaintiff was conducting herself in the usual manner of one intent on examining the goods displayed by defendant—her eyes were not on the floor at the time of the accident. She stated, however, that after she had arisen from the floor she could see her heel marks at the spot where she had fallen. Her husband, who later visited the spot, testified that he could see oil in a liquid form where she fell. Plaintiff's daughter, Eileen, testified that when her mother arrived home, she (Eileen) observed the condition of her mother's clothes. She testified that the oil had soaked through to the lining

of the coat and through the gingham dress Mrs. Driscoll was wearing. Such being the state of the record, we are unable to conclude that there was no credible evidence to sustain the verdict, and therefore this court has no alternative but to affirm the finding of the jury that defendant was negligent in its manner of keeping and maintaining the floors in its store over which customers were necessarily obliged to walk in visiting the same. That maintaining a slippery and oily floor in a business establishment of such character as the one here involved is a violation of a storekeeper's legal duty is so clear as to require no discussion. McIntyre v. Holtman, 193 Minn. 439, 258 N. W. 832.

The judgment must be and hereby is affirmed.

STONE, JUSTICE, took no part in the consideration or decision of this case.