HENRIETTA K. DUNHAM v. HUBERT W. WHITE, INC.[1]

June 3, 1938.

No. 31,665.

[1]Reported in 279 N. W. 839.

*Nelson, Mohan & Levy,* for appellant.
*Sexton, Mordaunt, Kennedy & Carroll,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff, having met with an adverse verdict rendered pursuant to instructions of the court, appeals from an order denying her motion for a new trial. There is substantially no dispute about the facts, and these may be summarized in this fashion: Plaintiff at the time of the accident was 61 years of age, a resident of St. Paul. On August 28, 1936, about 11:30 o'clock in the forenoon, accompanied by her daughter, she went to defendant's store located in the First National Bank Building to make purchases. She was familiar with the place, having been there before. The floor, laid in March, 1935, was of standard material, level and smooth, the work having been performed by the Masonite Corporation, apparently a capable and competent contractor. There is no fault claimed in respect to the material used or the good workmanship employed in its installation. It was finished with hard wax. When properly applied, this makes a hard surface, harder than one where liquid wax is used and consequently smoother. The floor had thereafter been maintained in the same fashion as when originally laid, and the same hard and smooth finish had been frequently applied. The testimony of an employe of defendant who put in all of his time in its service was that he waxed the entire floor at least once each week. After

quitting time in the evening it was customary for him to wax the floor even more frequently whenever it showed scratches or marks. In finishing the waxed surface he used a buffing machine which levels the surface evenly and smoothly. Plaintiff does not claim that there was any unworkmanlike or improper application of the wax, nor is any claim made upon which liability is predicated other than that the floor as laid and maintained was essentially slippery in its ordinary and usual condition. Nowhere is there any showing that the floor itself, in material, construction, or maintenance, was different or more smooth and polished than the floors customarily found in stores and other similar places.

Plaintiff when stepping into the store, the door opening inward, found in front of her a rug some eight or nine feet in length. She had gone but a few steps beyond this rug when she suddenly slipped and fell. She describes the floor as "highly polished and very slippery as I found out, and I also observed the mark where my foot or my feet went out from under me, making a decided mark on the floor." She thinks the mark was about a foot long and about half an inch in width. After resting on a chair a short time, she made certain purchases and then departed. In substance the basis for plaintiff's claim is that the court erred in instructing a verdict against her.

There is no question about the general rule that "one who keeps a store or shop is bound to exercise reasonable care to keep it in a safe condition for his customers." 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 6987. The cases are cited in the notes. Perhaps the case most favorable to plaintiff's contentions is McIntyre v. Holtman, 193 Minn. 439, 258 N. W. 832. That case, however, does not go as far as is necessary here if a verdict for plaintiff upon the facts here stated were to be sustained. There a wooden floor had been oiled over a period of years. It was uneven in that it was more worn in spots where hard and long use had worn it down. The oil had been improperly applied in that a mop had been used to apply the oil, and it had been inadequately mopped up thereafter, thus leaving a film of oil in spots where the floor was less worn than at the

particular spot where plaintiff fell. There plaintiff's stockings showed smudges of oil from her impact with the floor. No such claim is made here nor could there be. Nor was there any moisture on the floor in this case as in Taylor v. Northern States Power Co. 196 Minn. 22, 264 N. W. 139. And the facts are wholly unlike those appearing in Usher v. Eckhardt, 176 Minn. 210, 222 N. W. 924, where plaintiff entered the cafe over a dry floor and before leaving "soapy" scrubbing water had been left on the floor in a dangerous quantity where plaintiff fell upon leaving the place. In Taylor v. Northern States Power Co. *supra,* we sustained recovery where plaintiff fell upon a floor that was wet and, because of prior application of wax upon hard linoleum, the floor was left in such condition as to be slippery and dangerous to defendant's customers. There counsel for plaintiff conceded that [196 Minn. 24, 264 N. W. 141] "The use of a waxed floor, or the mere use of marble, tile, hardwood, or any other commonly employed floor material in the construction of a floor, is not negligence." Unlike the present case, plaintiff there relied upon defendant's negligence in permitting snow and moisture to be carried in by customers' feet, thereby leaving the floor "wet and sloppy." Plaintiff's coat, particularly the sleeve, became "matted and wet" because of the moisture that had been permitted to be and remain upon the floor. In that case, too, there was ample proof to the effect that, "If you put water on a waxed floor the consequence is that it appears 'like water on grease; it is apt to make it slippery.' The water cannot soak through the wax." (196 Minn. 26, 264 N. W. 141.) Then, too, there was testimony that the practical and reasonable method of guarding against accidental slipping upon such floor when wet was to use rubber matting or rugs. No such testimony was introduced in this case. Rather, so it clearly appears here, defendant has used the diligence of any ordinarily prudent person not only in respect to the installation of the floor but likewise in its maintenance.

The cases from other jurisdictions upon which plaintiff places great reliance are not found particularly helpful. Thus in Myers v. Golloday (Mo. App.) 104 S. W. (2d) 1007, 1009 (decided by the

Kansas City court of appeals December 7, 1936), defendant had placed upon the floor of the lobby in its theatre "a large amount of wax, oil, or other substance  *  *  *  and had caused and permitted the floor of said theatre lobby to become slick, dangerous, and unsafe  *  *  *" Shortly before plaintiff's injury defendant had replaced a former linoleum covered floor with composition tile, the surface of which was "waxed with water wax, a liquid known as Lightning Luster, containing wax and other solids with *a large percentage of water*, giving to the floor a dark, 'shiny,' slick, and glossy appearance and a smooth surface." (Italics supplied.) Obviously, we think, the facts in that case distinguish it from those here presented. In Ilgenfritz v. Missouri P. & L. Co. 340 Mo. 648, 656, 101 S. W. (2d) 723, 727 (decided by the supreme court February 19, 1937), it was held that evidence that the floor of defendant company's office on which plaintiff fell was covered with linoleum which was waxed and highly polished, the floor being slightly wavy and uneven, but not sufficiently so as to be noticeable, was insufficient to make a question for the jury on the issue of negligence. Briefly the court's views are thus stated:

"Therefore, the question is still only whether or not it is negligence to have a waxed floor, not absolutely level under test, in such a place of business, where many customers must walk; or, in other words, is the mere fact that one person fell on a floor (in such an establishment where thousands went safely) sufficient to make a jury case of a dangerous and unsafe condition, when there was not sufficient slope in it so that anyone could determine by looking at it whether it was level or not? Surely something more must be shown. Negligence is not proved by such an isolated occurrence. It must be predicated on what should have been anticipated, and not merely on what happened."

In H. F. Hohlt Co. v. Routt (Tex. Civ. App.) 48 S. W. (2d) 386, the floor in defendant's store had been preserved with oil over a period of some 15 years. When sweeping it every day defendant used an oily sweeping compound. Customers other than plaintiff had from time to time slipped on the floor. The particular place

where plaintiff fell was dark and poorly lighted. The sweeping compound was such that when taken in one's hand it would thereby become greasy. Naturally and properly a jury question was presented.

More to the point and directly supporting the views of the trial court is Smith v. Union & New Haven Trust Co. 121 Conn. 369, 371-372, 185 A. 81, 82, where the court said:

"Assuming that the jury might reasonably infer that the defendant's employees had used wax upon the floor on the morning of the plaintiff's fall, it does not follow that she is entitled to recover. At the time of her injuries, she was upon the defendant's property upon its invitation and it owed to her the duty of exercising reasonable care to have its premises safely constructed and maintained and to guard against subjecting her to dangers of which it was cognizant, or which it might reasonably have anticipated. [Citing cases.] The evidence goes no further than to show that the floor was highly polished. An owner in treating a floor may use wax or oil or other substance in the customary manner without incurring liability to one who slips and falls thereon, unless the owner is negligent in the materials he uses or in the manner of applying them. [Citing cases.]

"There is no evidence that the plaintiff's fall was caused by any lumps of wax on the floor. Nor would their presence, on any other evidence in the case, reasonably justify an inference that the employees of the defendant failed to exercise reasonable care in the choice of materials used to polish the floor, or in the method of applying them, in any way which caused the plaintiff to fall. It follows that the plaintiff, having failed to substantiate by evidence any allegation of negligence in the complaint, the verdict should have been set aside."

In Taylor v. Northern States Power Co. 196 Minn. 22, 264 N. W. 139, we went beyond any of our prior cases in upholding plaintiff's right of recovery. The dissenting opinion cogently points out why we should not now go beyond what was there decided.

Order affirmed.