CHARLES J. WESTERBERG v. MOTOR TRUCK SERVICE COMPANY AND ANOTHER.[1]

February 8, 1924.

No. 23,789.

**Verdict for defendant sustained.**
    1. Record examined and *held* to support the verdict and to disclose no errors warranting a reversal.

**When no proof of wilful negligence of truck driver.**
    2. There is no proof of what is called wilful negligence, unless it is shown that defendant discovered plaintiff's peril at such a time and under such circumstances as offered an opportunity, and in consequence imposed a duty on defendant, to take some step to prevent the injury. It is the failure in such a duty that is wilful negligence, so-called.

Action in the district court for Hennepin county by the father of Karl S. Westerberg to recover $15,000 for injuries to his minor son. The case was tried before Nye, J., who denied defendants' motions for a directed verdict, and a jury which returned a verdict

[1]Reported in 197 N. W. 98.

for defendants. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*E. A. Waters* and *George T. Simpson*, for appellant.

*Snyder, Gale & Richards*, for respondents.

STONE, J.

The real plaintiff is Karl S. Westerberg who, at the time of the automobile collision out of which the cases arise, was 13 years of age. He had asked and been accorded the privilege of riding a short distance on a Ford touring car. Although invited by the driver to occupy a seat in the tonneau, he elected to stand on the right hand running-board. While he was in that position there was a collision between the Ford and a truck at a street intersection, the truck approaching from the right and at a speed variously estimated at from 4 to 9 miles per hour. The touring car may have been going somewhat faster. The truck was owned by defendant Motor Truck Service Company and driven by its employe, defendant Dinsmore.

Plaintiff was seriously injured, but the jury found for defendants. A motion for a new trial was denied and plaintiff appeals.

A discussion of the facts would serve no purpose. The evidence is conflicting. The verdict finds ample support and has the confirmation of the refusal of the trial judge to set it aside.

We have searched the record for justification for the assignments of error, and find none warranting a reversal.

Wilful negligence was charged, but the trial judge was of the opinion that there was no evidence warranting a submission of that issue to the jury. In that he was right, for there is no proof that the truck driver (defendant Dinsmore), after discovering plaintiff's peril, neglected any precaution calculated to prevent the resulting injury or minimize its consequences. True, he might have seen the approaching Ford. But he had no reason to anticipate, except for a brief moment, the collision.

His testimony is: "I never noticed that there was any boys on the running-board or not," and he first saw them there "when I looked the second time, when the man driving the Ford tried to

cut-in ahead of me." There is no evidence, direct or circumstantial, to cast doubt upon that testimony. The record lacks that affirmative proof of a discovery of plaintiff's danger by the one causing the injury at such a time and under such circumstances as offer an opportunity, and in consequence impose the duty, to take some step to prevent the injury. The failure in that duty is the wrong that with us bears the somewhat anomalous name of wilful negligence. Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 103 Minn. 224, 114 N. W. 1123, 14 L. R. A. (N. S.) 886; Darrington v. Chicago & Northwestern Ry. Co. 134 Minn. 30, 158 N. W. 727; 2 Dunnell, Minn. Dig. § 7036.

The charge, as a whole, covered all the considerations proper to be set before the jury by the court. The plaintiff's youth was not overlooked, and as to his alleged contributory negligence, the jury was told that he was chargeable "with such degree of care as an ordinary prudent boy of his age would exercise under like or similar circumstances." That instruction was given at the request of plaintiff's counsel. Nothing more was required.

The charge did not indicate that plaintiff by his self-chosen position on the running-board assumed the risk of the collision. The jury was told only that, inasmuch as he himself had elected to ride in that exposed place, he "assumed the risk of his position." That instruction is not open to successful attack. As between himself and the driver of the car on which he was riding, the question might be very different; but certainly as to another vehicle it is proper to charge that a plaintiff, even a boy of 13, assumes the risk attending his riding on the outside of a motor car. That is as far as the instruction went. It did not even suggest that plaintiff assumed the risk of the collision. The jury could not have been misled because the boy's position on the running-board did not contribute at all to the collision. It but aggravated the resulting injury.

Plaintiff was fully protected by proper instructions against any imputation to him of the negligence of the chauffeur of the Ford. The jury probably concluded—as the evidence seems to indicate—that the collision was the result solely of his negligence and that defendant Dinsmore was not negligent.

Order affirmed.