ELVIRA PETERSON v. D. S. FULTON AND OTHERS.[1]

September 21, 1934.

Nos. 29,995, 30,007, 30,008.

[1]Reported in 256 N. W. 901.

*Cobb, Hoke, Benson, Krause & Faegre, Paul J. McGough,* and *Nathan A. Cobb,* for appellants Guy Howard, Sr. and Guy Howard, Jr.

*Ernest E. Watson,* for appellant Harold Branham.

*C. E. Warner,* for appellant Kimball Cole.

*Herbert T. Park,* for respondent.

*DEVANEY, Chief Justice.*

Plaintiff, as guardian *ad litem,* sues for personal injuries sustained in an automobile accident by her ward, Audrey Peterson. She alleges that her ward's injuries were occasioned through the concurrent negligence of several defendants. Briefly stated, the facts are as follows:

A group of eight high school students, among whom was plaintiff's ward, attended a party in Minneapolis the evening of April 1, 1932. About midnight these eight young people left the party. All of them got into a Ford sedan which was being driven that evening by Guy Howard, Jr., one of the party, but was owned by his father, Guy Howard, Sr. For convenience this car hereinafter will be referred to as the Howard car. This group of eight drove from the party to the 1900 block, Penn avenue, Minneapolis. At this juncture one of the group, Kimball Cole, secured another automobile from the garage of his stepfather, Mr. Branham. Three other members of the party thereupon got out of the Howard car and into the

car which Cole had secured: This car will be designated the Cole car. Plaintiff's ward remained in the Howard car. After delaying a few minutes, the two cars drove off, the Cole car following the Howard car. The accident here in question occurred at the intersection of Thirty-third street and Lyndale avenue south. Both the Howard car and the Cole car, which were proceeding east on Thirty-third street, ran into and collided with a car driven by a Mr. Fulton (hereinafter called the Fulton car), which was at the time being driven north on Lyndale avenue. Although Lyndale avenue south is a "through street" and plainly so marked by signs, apparently neither the Howard car nor the Cole car stopped before entering the intersection. The Howard car hit the left front of the Fulton car, swinging the rear of the Fulton car around to the left. Almost immediately thereafter, the Cole car, which had been following 10 or 15 feet behind the Howard car, hit the left rear of the Fulton car. The Howard car, after hitting the Fulton car, swerved to the northeast, ran up over the curb, and turned over on its side. The Cole car, after colliding with the Fulton car, careened off and hit another car driven by a Mr. Swedberg, who also was proceeding north on Lyndale avenue about 30 feet behind the Fulton car. Plaintiff's ward was riding in the Howard car at the time of the collision. As far as appears in the record, there was no contact between the Howard car and the Cole car. This is an important and significant fact in the consideration of this case. Plaintiff's ward was seriously injured, receiving, besides minor injuries, two broken vertebrae. This injury necessitated her spending two months in bed in a plaster cast and wearing a brace about a year thereafter. It is claimed that the car which Cole took from the garage of his stepfather, Mr. Branham, is owned not by Mr. Branham but rather by Mr. Branham's employer, the Thomas Moulding Floor Company of Chicago. It is further alleged that Cole took this car without Mr. Branham's consent or permission; that Cole never was allowed to use this car for his own purposes; and that this car never was used as a pleasure car but was used entirely as a business car, the same being maintained for Mr. Branham by his employer.

The jury awarded plaintiff a verdict for $8,500 against Guy Howard, Jr., the driver of the Howard car, Guy Howard, Sr., the owner of the Howard car, Kimball Cole, the driver of the Cole car, and Harold Branham, Cole's stepfather and allegedly the owner of the Cole car. The defendants Howard moved for a new trial, and the defendants Branham and Cole each moved for judgment notwithstanding the verdict or a new trial. The court denied the motions for judgment notwithstanding the verdict but granted a new trial as to each defendant unless plaintiff should consent to a $1,500 reduction of the verdict. Such consent was duly given in writing. All four parties against whom stands this verdict subsequently perfected appeals to this court.

As to appellants Branham and Cole, two issues are involved:

(1) Did Cole's acts of negligence, if such they were, contribute to the injuries which plaintiff's ward received or concur with the negligence of other parties to that end so that his actions may be said to be the proximate cause of the injuries?

(2) Is the verdict excessive?

As to appellants Guy Howard, Jr. and Guy Howard, Sr., the only basis for their appeal and the only grounds on which they urge a reversal are that the verdict is excessive. Because of the view we take in the discussion to follow, we need not decide the issue which has been rather extensively argued here, as to whether Cole was driving this car with the permission and consent of his stepfather, Mr. Branham, and hence whether the so-called "family car" doctrine is applicable.

We are inclined to the view that Cole's acts of negligence, if such they were, in no manner proximately caused the injuries sustained by plaintiff's ward. There were no grounds upon which a jury of reasonable men could find that Cole's actions caused or contributed to plaintiff's injuries. Hence, even if it be admitted that Cole had Mr. Branham's permission to use this car for his own pleasure and that the "family car" doctrine applies as against Mr. Branham, Mr. Branham is not liable because Cole, the driver of the car and the one whom the "family car" doctrine makes his agent, is not.

The best manner in which to determine whether a given act is the proximate cause of a given result is to determine whether that act is a material element or a substantial factor in the happening of that result. Whether a given act of negligence is the proximate cause of a given injury depends upon the peculiar facts of each case. No general, broad rule can be formulated. As was said in Moores v. N. P. Ry. Co. 108 Minn. 100, 101, 121 N. W. 392:

"Theorize as we may on the subject of proximate cause, it is in its last analysis a question of good common sense, to be solved by a practical consideration of the evidence in each particular case."

The cases in Minnesota dealing with proximate cause are collected and well reviewed in a note in 16 Minn. L. Rev. 829. The rule there advocated is that one's negligence should be a material element in causing another's injury before it can be said to be the proximate cause thereof. It is of interest to note that the Am. Law Inst. [1932] Restatement, Torts (Tent. Draft No. 8) § 306, has abandoned altogether the words "proximate cause" and has substituted therefor the words "substantial factor." Section 306 states:

"The actor's negligent conduct is the cause of another's injury if his conduct is a substantial factor in bringing it about."

This "substantial factor" concept of proximate cause seems to be in accord with the "material element" definition thereof as laid down by our court in Borsheim v. G. N. Ry. Co. 149 Minn. 210, 212, 183 N. W. 519; Anderson v. M. St. P. & S. S. M. Ry. Co. 146 Minn. 430, 434, 179 N. W. 45 (material or substantial element), and as recommended in 16 Minn. L. Rev. 847-848. It is interesting, if one so cares, to note why the drafters of the Restatement abandoned the term "proximate cause." See Restatement, Torts (Tent. Draft No. 8) notes, pp. 96-99.

In the instant case Cole's actions were not a material element or a substantial factor in the infliction of the ward's injuries. Plaintiff's ward was riding in the Howard car, which was from 10 to 15 feet ahead of the Cole car at the time of the collision. The Cole car is not shown ever to have come in contact with or to have

collided with the Howard car. Both cars hit the Fulton car, but neither hit the other. Cole was in no way interfering with Howard's driving, nor was he distracting his attention; in fact, he could not well have so done when he was in another car 10 to 15 feet behind the Howard car. Assuming that Cole was negligent in traveling at an excessive rate of speed and in entering Lyndale avenue south, a "through street," without stopping, yet his actions were not part of that chain of events which caused the collision between the Howard car and the Fulton car and resulted in the injuries which plaintiff's ward sustained. Cole might well have been several blocks behind, or at home, and still the accident would have happened in the same manner in so far as his actions had any part therein. This is too clear a case to require any further discussion. Though the question of proximate cause is in most cases for the jury, here it is so clear that Cole's actions did not cause or contribute to the injuries that the court should so hold as a matter of law.

Against the conclusion we here reach, plaintiff advances the following: Cole and Howard were engaged in racing; they were therefore engaged in a joint enterprise; consequently each is legally responsible for the actions of the other; *sequitur,* Cole is responsible for Howard's negligent actions, through which plaintiff's ward was injured. This theory appears to be an afterthought on plaintiff's part. The complaint does not allege that Howard and Cole were engaged in a joint enterprise of racing. The case was not tried on that theory. There was no instruction to the jury as to how they should find if they found that Howard and Cole were engaged in a joint enterprise of racing nor as to what would constitute a joint enterprise. Further, the record does not show that such an instruction was requested. We pass this, however, and assume that the result contended for would follow if the premise were sound. Reader v. Ottis, 147 Minn. 335, 180 N. W. 117, 16 A. L. R. 463. A careful reading of the record reveals that the premise is not sound. There is no evidence that Howard and Cole were racing with one another. The only evidence that might possibly lead to this conclusion is the testimony that once or twice, apparently while going

east on Thirty-third street and before reaching Lyndale avenue, the two cars passed each other; the testimony of plaintiff's ward that Howard asked her shortly before the collision occurred to look back and see where the Cole car was; an unfounded statement of a witness, which statement was immediately stricken and hence could not be considered by either the court or the jury, to the effect that the two cars appeared to be racing. There is no testimony that the parties said anything about racing, that they agreed to such plan, or that they did actually race. Certainly it cannot be said that reasonable minds could conclude from these bits of evidence that the two cars were engaged in racing. As a matter of fact it appears that the Cole car followed the Howard car most of the time. On one occasion the two cars stopped, and the occupants conferred as to where they were going. There is no showing but that the passing referred to took place at this time. On the whole it cannot be said that reasonable minds could properly find that Howard and Cole were engaged in a joint enterprise of racing. This case is clearly distinguishable from Reader v. Ottis, 147 Minn. 335, 180 N. W. 117, 16 A. L. R. 463, on its facts.

Under the view here taken, appellants Cole and Branham are relieved of liability. Hence the only parties concerned with the claimed excessiveness of the verdict are appellants Guy Howard, Jr. and Guy Howard, Sr. These appellants do not dispute that they are liable, but claim on this appeal only that the verdict is excessive. We are of the opinion that the verdict of $8,500 as reduced to $7,000 is not excessive. Besides minor lacerations and bruises, plaintiff's ward suffered a broken back. She was in the hospital for two weeks and in a plaster cast for eight weeks. Off and on for approximately a year she wore a brace to strengthen her back. Plaintiff's ward is nervous and has lost weight. Her back is permanently weaker and, according to the testimony of a doctor, subject to future changes from traumatic arthritis. She has missed a year of school. Further, she suffered a fractured bone in her foot, which, so she testified, was not entirely well even at the time of trial. She testified that she limped somewhat and had difficulty using the foot for any sustained period of time. In view of the above facts, we

do not think the verdict is excessive. Whether or not a new trial should be had because of excessive damages is a matter for the trial court's discretion. He exercised this discretion and reduced the verdict $1,500, from $8,500 to $7,000. Since it is not made to appear that this verdict was reached under the influence of passion or prejudice, this court will not declare it excessive in a case such as this.

Reversed as to appellants Branham and Cole and judgment ordered in their favor; affirmed as to appellants Guy Howard, Sr. and Guy Howard, Jr.

