HAROLD V. GUILE v. SAM GREENBERG AND ANOTHER.[1]

November 23, 1934.

No. 29,948.

*Boutelle, Bowen & Flanagan,* for appellant.

*Sexton, Mordaunt, Kennedy & Carroll* and *R. J. Tyrrell,* for respondents.

*DEVANEY, Chief Justice.*

Action for personal injuries alleged to have been caused by defendant Florence Greenberg's negligent actions. Plaintiff was employed by the Brinks Express Company as manager of one of its armored money trucks. The accident in which plaintiff received his injuries occurred when the truck which he managed collided with defendant Sam Greenberg's car on Grand avenue near the intersection of Oxford avenue in St. Paul. The car was owned by defendant Sam Greenberg and was being driven at the time by his wife, Florence Greenberg. Plaintiff was riding on the outside of the money truck, apparently straddling or sitting upon the left front fender. He had one foot on the bumper, the other between the fender and the hood with his hands upon the radiator cap. He had just been repairing the mechanical signal device used when making a left-hand turn and apparently was attempting at the time of impact with the Greenberg car to step or crawl to the right

side of the truck and thus get into the cab. While the money truck was proceeding west on Grand avenue with plaintiff riding in this manner, the Greenberg car pulled out from a parking place at the curb into the traveled portion of the street. Thereupon a collision ensued, the right front bumper of the money truck hitting the left front fender of the Greenberg car. Plaintiff was thrown off the money truck and onto the pavement, sustaining injuries. At the trial, the lower court, at the close of the testimony and upon motion, directed a verdict for defendants. From a denial of his motion for a new trial plaintiff appeals.

Five questions are presented:

(1) Was defendant Florence Greenberg, the driver of the Greenberg car, guilty of actionable negligence?

(2) Was plaintiff guilty of contributory negligence (a) under common law rules, (b) under the ordinances of the city of St. Paul?

(3) Is plaintiff barred from recovery because he assumed the risk?

(4) Can the money truck driver's negligence, if any, be imputed to plaintiff?

(5) Did the trial court err in admitting evidence that plaintiff previously had received workmen's compensation for the injury which is the basis of this lawsuit?

■ There can be no serious doubt but that the question of defendant Florence Greenberg's negligence was one for the jury. There was evidence that in pulling out from the parking space along the curb she did not signal as required by statute to do. Further, there is testimony which might well lead to the conclusion that if she had looked back immediately before pulling out from the curb as is required by statute, 1 Mason Minn. St. 1927, § 2720-17, she would have seen the money truck, which, according to some of the testimony, was proceeding at no more than 15 miles per hour. Surely it was for the jury to say whether or not her actions in this respect were negligent. The court can decide a question such as is here presented only where reasonable minds could not differ as to the inferences to be drawn from the proof. This is not such a case. Hence the question properly must go to a jury.

■  (a) Under the common law rules, it must be held that plaintiff was not barred from recovery by his negligence, if any, inasmuch as his actions in no way caused or helped to cause the accident. The problem is one of proximate cause. Regardless of how negligent plaintiff might have been, if his actions did not contribute to or were not a material element in the happening of the accident here involved, the defense of contributory negligence is not effective as against him.

"The principles which determine whether the causal relation between the plaintiff's conduct and his harm is such as to make the law regard it as a legally contributing cause and, therefore,  *  *  * sufficient to make his failure to exercise reasonable care for his own protection contributory negligence barring him from recovery against a negligent defendant, are the same as those which determine whether the conduct of the actor as defendant is sufficient to make him responsible and, therefore, liable for a harm to another. Consequently,  *  *  *  the plaintiff's conduct must be a substantial factor operating with the defendant's negligence in bringing about the plaintiff's harm  *  *  *." Am. Law Inst. Restatement, Torts (Tent. Draft No. 10), comment to § 3, p. 11.

The fact that damage might not have resulted but for plaintiff's placing himself in an exposed position does not necessitate a conclusion that his conduct was a proximate cause of the damage. If his exposed position resulted in injury only through some distinct wrongful act or neglect of another, the other's act is the proximate cause and "insulates" the original conduct. The injury will be imputed to it and not to the more remote conduct. This is as much true of alleged contributory negligence, Fitzgerald v. International F. T. Co. 104 Minn. 138, 149, 116 N. W. 475, 479, as of alleged negligence, Peterson v. Fulton, 192 Minn. 360, 256 N. W. 901. In the Fitzgerald case the court was considering whether an improper position assumed by plaintiff in her work was a proximate cause of her injury and hence whether she might be held guilty of contributory negligence. This court said:

"Courts have, however, clearly recognized a distinction between a necessary antecedent and a responsible cause, and between the person without whose conduct the wrong could not have occurred and the last human wrongdoer. The proximate cause must have a natural tendency to produce, in the ordinary course of nature and of affairs, the result complained of. There are two essential elements in contributory negligence, a want of ordinary care, and a causal connection between the act and the injury complained of. * * * *When the act and the injury are not known by common experience to be naturally and usually in sequence, and the injury does not, according to the ordinary course of events, follow from the act, then the act and the injury are not sufficiently connected to make the act the proximate cause of the injury.* Cooley, Torts (2 ed.) 73; Beach, Contributory Negligence, 32.' Shelby, J., in Kansas City Southern Ry. Co. v. Prunty, 133 F. 20, 21, 66 C. C. A. 163."

In the case at bar the result in the ordinary course of events was not the consequence of the plaintiff's exposed position. Here as elsewhere in the law of negligence, the distinction between cause and condition is to be made. On the record in the case at bar it appears conclusively that a responsible agent (defendant Florence Greenberg) interposed her independent conduct between plaintiff's exposure of himself and the natural sequence of events to be reasonably anticipated therefrom. Such sequence was interrupted by defendant so as to produce a result which would not otherwise have followed. Childs v. Standard Oil Co. 149 Minn. 166, 170, 182 N. W. 1000.

"It is well established by the authorities that the negligence of a person which merely furnishes the situation or condition whereby an independent, unforeseen and unanticipated agency causes his injury will not bar a recovery for such injury." Matassarin v. Wichita R. & L. Co. 100 Kan. 119, 122, 163 P. 796, 797.

Plaintiff's position did not contribute to the collision although it may have aggravated the resulting injury. Westerberg v. Motor T. S. Co. 158 Minn. 202, 204, 197 N. W. 98. Nothing that plaintiff

did caused the two cars to come together or made it any more likely that they would come together. Hence, regardless of how negligent plaintiff was, he is not chargeable with contributory negligence in the case at bar since his negligence was not a material element or a substantial factor in bringing about the collision of the two vehicles. Reasonable minds functioning judicially could not differ as to that. Contributory negligence and proximate cause, like other questions, cease to be questions of fact and become questions of law when reasonable minds so functioning upon the facts must reach the same conclusion. Should the evidence upon another trial be such that reasonable minds might differ, the question should be submitted to the jury. On this record plaintiff's presence upon the front of the truck has no causal connection with the accident or injury.

(b) It has been urged that plaintiff violated St. Paul ordinance No. 6856, § 67, which provides:

"No person shall, when riding, allow any part of the body to project beyond the limits of the vehicle, except when signalling with the arm, nor shall any person hang onto any vehicle."

From this it is contended that plaintiff is guilty of contributory negligence as a matter of law under the rule laid down by this court in Mechler v. McMahon, 184 Minn. 476, 480, 239 N. W. 605, 607, which rule is as follows:

"We now state the rule to be that, in the absence of valid excuse or justification, the violation by the injured person of a statute or ordinance enacted for the benefit of the other party is conclusive evidence of contributory negligence if such violation proximately contributes to the injury."

To come within that rule it must be shown (1) that the statute or ordinance violated was enacted for the other party's benefit; (2) that the violation was without valid excuse or justification; and (3) that the actions which constituted a violation proximately contributed to the injury. Assuming for the purposes of argument that the ordinance here in question was enacted for defendant's benefit and that plaintiff's violation, if that it was, was without

554

excuse or justification, yet, as previously pointed out, plaintiff's alleged violation did not proximately contribute to the happening of the accident or constitute a material element or substantial factor therein. Hence the rule of the Mechler case, 184 Minn. 476, 239 N. W. 605, is of no aid to the defendants here.

■ We think as a matter of law that plaintiff, in riding on the fore part of this money truck, did not assume the risk of this accident. In order that a defendant may avail himself of the doctrine of assumption of risk it must appear that the plaintiff had knowledge of the risk, and that, having opportunity either to incur it or to avoid it, he voluntarily chose to incur it. Throckmorton's Cooley, Torts (Students' Edition) § 331, p. 658. That puts the inquiry in the instant case at rest. Plaintiff naturally could not have preknowledge of defendant Florence Greenberg's actions and had no reason whatsoever to anticipate her actions. Plaintiff assumed risks naturally incident to his exposed position such as the risk of being thrown from the front of the truck upon starting, stopping, turning a corner, or hitting a bump on the road, etc. But in this case plaintiff's injuries did not come proximately from his exposed position voluntarily assumed. Westerberg v. Motor T. S. Co. 158 Minn. 202, 197 N. W. 98.

■ Whether the negligence of Bennett, the money truck driver, if any, can be imputed to plaintiff so as to bar a recovery is not now directly before us but undoubtedly will arise on a new trial. Certainly Bennett was not plaintiff's agent. Rather they were both agents of the Brinks Express Company. The two clearly were not engaged in a joint enterprise. Whether Bennett's acts might be attributable to plaintiff because plaintiff was the manager of the truck and as such controlled Bennett's actions we cannot say. Such is a question of fact for the jury. There is some evidence to that effect at present. If the jury finds that plaintiff had control of the operations of the car and could by virtue of his position as manager dictate to the driver when to stop and start and where to drive, etc., then the driver's negligence, if the jury finds any, is attributable to plaintiff.

■ During the course of trial defendants' counsel sought to introduce into evidence matter going to show that plaintiff previously had received workmen's compensation for the injury which forms the basis of this lawsuit. His purpose was to show that plaintiff at the time of receiving this compensation agreed that his arm was 10 per cent disabled and that his leg was 25 per cent disabled. Plaintiff objected to the introduction of this matter.

Prior to this stage of the trial there had been no evidence introduced as to the extent or percentage of plaintiff's disability except that plaintiff had been requested to, and had, flexed and moved his disabled members in the jury's presence to demonstrate to them the extent of his disability. Later in the course of the trial, however, plaintiff's doctor testified to the same percentage of disability as was in the agreement, i. e. 10 per cent disability in the arm and 25 per cent disability in the leg. The court admitted the proffered evidence, though he instructed the jury not to consider in any way the fact that plaintiff previously had received compensation under the workmen's compensation act for the same injury. We are not prepared to say that this was prejudicial error, yet we think that on the new trial the better course would be not to pass upon the admissibility of this matter until all the other evidence is in. Clearly it is error to admit evidence which shows that plaintiff previously received workmen's compensation for the injury which is now the basis of a lawsuit when the only purpose of introducing such evidence is to convey that information to the jury. McGuigan v. Allen, 165 Minn. 390, 206 N. W. 714. The fact that plaintiff has been paid workmen's compensation has no bearing on his right to recover against a third party. Introducing such fact serves only to prejudice the jury against plaintiff.

Defendants take this position: The prior agreement in the compensation case whereby plaintiff stipulated to the percentage of his disability constitutes an admission and so should be allowed in evidence; the fact that the jury thereby incidentally learns that plaintiff previously has received compensation for the injury now sued for is unfortunate but is overcome or offset when the court instructs the jury to disregard the same.

An admission, though apparently once thought not to be evidence at all but to be merely impeaching matter used only to contradict a witness's previous statement or position, now generally is conceded to have a legitimate use as evidence. 2 Wigmore, Evidence (2 ed.) § 1048, pp. 504-505; Morgan, *Admissions As An Exception To The Hearsay Rule* (1921) 30 Yale L. J. 355. If this prior agreement whereby plaintiff agreed to the percentage of his disability be regarded only as impeaching matter, it was not admissible because there was no prior statement which it could contradict. Plaintiff had not stated the extent of his disability to be other than that shown in this previous agreement, and his doctor subsequently testified that plaintiff's arm was 10 per cent disabled and his leg 25 per cent disabled.

If, on the other hand, an admission be regarded as evidence and not as impeaching matter merely, an offer of the character here involved ordinarily would be admissible. In this case, however, it was corroborative only and did not supply a missing fact, since plaintiff's doctor later established the percentage of disability by his testimony. Since the only effect of introducing evidence of this previous agreement was corroborative, it should not have been admitted inasmuch as its propensities for damaging plaintiff's case were so great. The harm likely to befall plaintiff's case greatly outweighs the benefits accruing to defendants through the introduction of matter such as this.

On the new trial the proper procedure would seem to be to withhold this matter from the jury until the very end of the trial. If by that time plaintiff either has claimed the disability to be other than what was previously agreed to or if plaintiff has not admitted the percentage of his disability in open court or established the same by his own case, then the proffered evidence should be received despite its damaging effect on plaintiff's case, in the former case to serve as impeaching matter, in the latter case to serve as evidence, in the former case to contradict, in the latter case to supply a missing fact. Otherwise, for reasons herein pointed out, the matter should be excluded.

On the new trial which must be had the questions to be presented to the jury are as follows:

(1)  Was defendant guilty of negligent conduct?

(2)  Was plaintiff negligent, and, if so, was his conduct a material element or substantial factor in bringing about the accident? This will be an issue only if there is credible evidence introduced that plaintiff's actions caused or contributed to the happening of the collision.  From the mere fact that plaintiff was on the front of the truck (which is all that is shown on the record as it stands) it appears as a matter of law that plaintiff's actions were not a substantial factor in this accident.

(3)  Was Bennett, the driver of the money truck, negligent?

(4)  If Bennett, the driver of the truck, was negligent, was Bennett sufficiently under plaintiff's control to impute his, Bennett's, negligence to plaintiff?

Reversed.

*I. M. OLSEN, Justice* (concurring).

I concur in the conclusion that there should be a new trial.

