HENRY LANDRU v. JOHN S. STENSRUD AND ANOTHER.[1]

January 26, 1945.

No. 33,900.

*O. J. Ostensoe* and *Hall, Catlin & Bundlie,* for appellant.

*Johnson & Vanstrom* and *Davenport, Evans & Hurwitz,* for respondents.

[1]Reported in 17 N. W. (2d) 322.

LORING, CHIEF JUSTICE.

This case comes here on appeal by plaintiff from an order denying a new trial after a directed verdict for defendants.

Recovery was sought for personal injuries suffered while riding in an automobile which went through the ice on Rice Lake, where plaintiff and four companions had been engaged in a fishing excursion. The defendant Stensrud furnished the car; and the defendant Jens Larson did the driving under directions given by one Landgraf, who was familiar with the roads in the neighborhood of Rice Lake, which is near Paynesville. Plaintiff and Jens Larson were nonpaying guests on the excursion.

They left Canby on the morning of January 23, 1942, went to Paynesville to pick up Landgraf, and then to Rice Lake, where there were 30 or 40 other cars whose occupants were engaged in fishing through the ice at various places on the lake. Plaintiff's party became dissatisfied with results at the place they fished, and two of them drove to another place to determine how the fish were biting there. They found that the fishermen there were having no better luck, so they returned, and plaintiff's entire party agreed to go to another lake. The ice where they had fished was about 18 inches thick. They had followed car tracks to the hole at which they had fished and back again when they started to leave the lake, at which time they took a different route from the one by which they had come onto the lake. Altogether they traveled about four miles on the ice. When they approached the shore, the driver put on the brakes, and the car skidded and stopped with its front toward the route upon which they had driven onto the lake, which was, apparently, some hundreds of yards distant. They then discussed whether they should continue in the direction they were headed and concluded to do so and to leave the lake at the point where they had entered upon it. While driving in that direction at the rate of 10 or 15 miles an hour, after going perhaps 500 feet, the car broke through the ice where the water was two or three feet deep. Plaintiff was injured.

He contends that the appearance of the ice in front of the car, as the turn was made just prior to the crash, was such as to warn a driver of ordinary prudence that to proceed was hazardous and might result in injury. He bases this contention on the testimony that there were no tracks in the route they were then on; that there was some snow on the ice; and that the ice was rough and rippled.

■ As to the general hazards encountered by the party in going upon the ice on this fishing excursion, plaintiff assumed the risk of injury therefrom. As said in Hubenette v. Ostby, 213 Minn. 349, 350, 6 N. W. (2d) 637, 638:

"In the ordinary personal injury action, where plaintiff puts himself in a position to encounter known hazards which the ordinarily prudent person would not do, he assumes the risk of injury therefrom. Such assumption of risk is but a phase of contributory negligence and is properly included within the scope of that term. Mosheuvel v. District of Columbia, 191 U. S. 247, 257, 24 S. Ct. 57, 48 L. ed. 170; H. E. & W. T. Ry. Co. v. McHale, 47 Tex. Civ. App. 360, 105 S. W. 1149; Restatement, Torts, § 466, *comments c, d;* Prosser, Torts, § 51, p. 379."

This statement was cited with approval in Schroepfer v. City of Sleepy Eye, 215 Minn. 525, 532, 10 N. W. (2d) 398, 402.

■ We see nothing in the record which justifies submitting to the jury the question of defendants' negligence in driving upon the particular area of ice where the accident occurred. There is no evidence in this record that the appearance of the ice where the car went through it was such as to warn a driver of ordinary prudence that it was thin or unsafe or that he should anticipate injury to anyone by driving upon it. Therefore, the evidence of negligence is wholly lacking. As said by this court, speaking through Mr. Justice Mitchell, in Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641:

"What a man may reasonably anticipate is important, and may be decisive, in determining whether an act is negligent, * * *. If

a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all; \* \* \*."

Order affirmed.