BETSY JOHNSON v. MARY J. EVANSKI AND ANOTHER.[1]

March 15, 1946.

No. 34,087.

[1]Reported in 22 N. W. (2d) 213.

*Smith & Callahan, Joseph A. Kozlak,* and *Allen T. Rorem,* for appellants.

*Samuel A. Warren,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying defendants' alternative motion for judgment or a new trial.

Defendants own and operate a small grocery store in a residential section of Minneapolis.[2] In front of the customers' entrance door is a platform, 23 inches deep by 7 feet wide, located 31 inches above the ground level. This entrance platform is connected with the sidewalk below by a series of four steps of the same width as the platform. The bottom step is a concrete slab 14½ inches deep and 3½ inches high. The upper three steps are 11½ inches deep with risers varying in height from 7¼ to 7¾ inches. The ground surface surrounding the platform and steps is covered with concrete. At the time of the accident, neither side of the steps was equipped with a handrail, and no provision had been made for any outside lighting fixture above or near the door and steps. A screen door

---

[2] By stipulation the action was dismissed as against defendant Martin A. Datys.

31¾ inches wide, with a knob or handle on the right side as one ascends the steps to enter, is located about in the middle of the platform and swings outward so as to span more than the entire width of the platform. Accordingly, a prospective customer seeking to open the door to enter must stand either to the right of the door on a platform space approximately 23½ by 23½ inches or on the step below.

Plaintiff, a woman of 60 years, about nine o'clock on the evening of May 18, 1942, proceeded to defendants' store to buy milk for breakfast. With an empty milk bottle in one hand, she had ascended the steps and reached the platform or landing and was in the act of opening the screen door with her left hand. She had opened the door halfway when she saw a woman or a girl approaching from the inside. To avoid a collision with this oncoming person, plaintiff stepped back with her right foot to what she thought was the step below, but her foot met with nothing, and she fell off the right end of the platform and steps to the concrete surface below and sustained a fractured right hip. On some other occasions, plaintiff had made purchases at defendants' store.

Defendants' blended motion for judgment *non obstante* or a new trial was made on the grounds (1) that plaintiff had failed to prove any negligence on the part of defendants; (2) that she had assumed the risk incident to the injuries; and (3) that she was guilty of contributory negligence as a matter of law.

■ Assumption of risk, which was not pleaded as a defense, is not in issue here except insofar as it is but a phase of the issue of contributory negligence. In Hubenette v. Ostby, 213 Minn. 349, 350, 6 N. W. (2d) 637, 638, we said:

"In the ordinary personal injury action, where plaintiff puts himself in a position to encounter known hazards which the ordinarily prudent person would not do, he assumes the risk of injury therefrom. Such assumption of risk is but a phase of contributory negligence and is properly included within the scope of that term."[3]

[3]This statement was cited with approval in Schroepfer v. City of Sleepy Eye, 215 Minn. 525, 532, 10 N. W. (2d) 398, 402, and in Landru v. Stens-

■ Clearly, defendants were under a duty to exercise reasonable care to keep their store in a reasonably safe condition for the ingress, progress, and egress of customers.[4] Plaintiff was a customer. In order to charge defendants with negligence, a breach of the duty to keep the premises reasonably safe for plaintiff must appear. 4 Dunnell, Dig. & Supp. § 6973.

■ Breach of duty such as to constitute negligence in the keeping of the premises reasonably safe is not proved by the mere occurrence of an accident. Negligence must be predicated on what should have been reasonably anticipated, not merely on what happened. Dunham v. Hubert W. White, Inc. 203 Minn. 82, 279 N. W. 839. The duty is to guard, not against all possible consequences, but only against those which are reasonably to be anticipated in the normal course of events. Boyd v. City of Duluth, 126 Minn. 33, 147 N. W. 710; Landru v. Stensrud, 219 Minn. 227, 17 N. W. (2d) 322. As said by Mr. Justice Mitchell in Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641:

"What a man may reasonably anticipate is important, and may be decisive, in determining whether an act is negligent, * * *. If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all; * * *."[5]

rud, 219 Minn. 227, 229, 17 N. W. (2d) 322, 323. See, Mosheuvel v. District of Columbia, 191 U. S. 247, 257, 24 S. Ct. 57, 48 L. ed. 170; H. E. & W. T. Ry. Co. v. McHale, 47 Tex. Civ. App. 360, 105 S. W. 1149; Restatement, Torts, § 466, *comments c, d;* Prosser, Torts, § 51, p. 379; *cf.* Restatement, Torts, § 466, with *Id.* § 893.

[4] See, Eklund v. Kapetas, 216 Minn. 79, 11 N. W. (2d) 805; Dunham v. Hubert W. White, Inc. 203 Minn. 82, 279 N. W. 839; Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012; 4 Dunnell, Dig. & Supp. § 6987; Penny v. Sears Roebuck & Co. 193 Minn. 65, 258 N. W. 522; 3 Cooley, Torts (4 ed.) § 440, pp. 191 and 193; 4 Shearman and Redfield, Negligence (Rev. ed.) § 780.

[5] See, Landru v. Stensrud, 219 Minn. 227, 17 N. W. (2d) 322; 4 Dunnell, Dig. & Supp. §. 6973.

■ Taking, as we must, the view of the evidence most favorable to the verdict, a motion for a judgment notwithstanding, whether based on negligence or on contributory negligence, should be denied unless the evidence in support of the verdict, and all reasonable inferences to be drawn therefrom, be so wholly incredible and unworthy of belief or so conclusively overcome by other uncontradicted evidence that the want of negligence or the presence of contributory negligence is so clear as to leave no room for an honest difference of opinion among reasonable men. Goldfine v. Johnson, 208 Minn. 449, 294 N. W. 459; Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327.

The definite conflict in evidence disclosed by the record clearly raised a, question of fact for the jury in determining the issues of negligence and contributory negligence. Plaintiff testified that when she came to the store it was about nine o'clock, that it was "awfully dark," and that "it was so dark outside you couldn't see anything." Testimony adduced by defendants was to the effect that it was about 8:35 p. m. and still daylight. A meteorologist testified that the official records of the U. S. Weather Bureau showed that the sun on this day set at 8:38 p. m., daylight-saving time, that the sky was entirely obscured by clouds, and that there was no twilight. At sunset on this day, in his opinion, although the maximum darkness had not yet been attained, it was dark, and one would be unable to see outside without some aid. Significant also is the fact that defendants had already turned on a 120-watt electric light inside the store at a location about 12 feet back from the door. Apparently artificial light was necessary inside. It was not established how much illumination for the outside steps, if any, was provided by this inside light. We have conflicting testimony as to where plaintiff actually fell, as to whether she wore a skirt that was too tight to permit her to walk with safety, and as to whether she was actually confronted, immediately before she fell, with the reasonable need to step aside to avoid colliding with a girl approaching the door from the inside. Although plaintiff had traded at defendants' store on prior occasions, there is no evidence

that she had ever used the steps before when it was dark or when a customer was leaving the store as she was about to enter. Whether plaintiff exposed herself intentionally and unreasonably to a danger that was known, or that should have been known, to her was for the jury to determine. The conflicting evidence as a whole presented a jury question. Clearly, the verdict was not based on mere conjecture or speculation, but was amply sustained by credible evidence, as to which reasonable men might come to the same conclusion as the jury.

Defendants cite the holding of this court in Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012, to the effect that the presence of an entrance step, *standing alone,* is not sufficient upon which to predicate negligence. Obviously, the decision is not in point. In the instant case, we have other factors in addition to the steps, namely (1) the absence of a guard or handrail; (2) the absence of adequate lighting; (3) the absence of adequate standing room for a person attempting to open the door when another person is about to leave; and (4) a distracting circumstance in the form of a person about to pass out of the door when the plaintiff was seeking to enter.

Defendants contend that their negligent acts or omissions, if any, do not constitute the proximate cause of plaintiff's injury. The true rule is that "the actor's negligent conduct is a legal cause of harm to another if his conduct is a substantial factor in bringing about the harm."[6] This rule is in accord with the "material element" definition as laid down by our court in other cases.[7] Causation, like negligence, is a fact issue for the determination of the jury when the facts are in dispute and are susceptible of more

[6]Peterson v. Fulton, 192 Minn. 360, 364, 256 N. W. 901, 903; Guile v. Greenberg, 192 Minn. 548, 551, 257 N. W. 649, 650; Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758; Restatement, Torts, § 431; 4 Dunnell, Dig. & Supp. § 7000.

[7]Borsheim v. G. N. Ry. Co. 149 Minn. 210, 212, 183 N. W. 519; Anderson v. M. St. P. & S. S. M. Ry. Co. 146 Minn. 430, 434, 179 N. W. 45; 16 Minn. L. Rev. 847.

than one inference, as here.[8] Under all the circumstances, it was for the jury to determine if defendants' failure to provide adequate lighting, a guard or handrail, and adequate standing room on the steps was a substantial factor in bringing about plaintiff's injury. See, Mayes v. Byers, 214 Minn. 54, 7 N. W. (2d) 403, 144 A. L. R. 821.

The order denying defendants' motion is affirmed.

Affirmed.

---

[8]Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758; Childs v. Standard Oil Co. 149 Minn. 166, 170, 182 N. W. 1000, 1002; Shuster v. Vecchi, 203 Minn. 76, 279 N. W. 841; Peterson v. Fulton, 192 Minn. 360, 256 N. W. 901; Brady v. Southern Ry. Co. 318 U. S. 792, 63 S. Ct. 995, 87 L. ed. 1158; 4 Dunnell, Dig. & Supp. §§ 7000, 7000h, 7011.

