ALMA GRABOW v. GEORGE E. HANSON AND OTHERS. MELINDA TIMMERS AND ANOTHER, RESPONDENTS.[1]

May 14, 1948.

No. 34,566.

[1]Reported in 32 N. W. (2d) 593.

*Carlyle Knudtson* and *E. C. Mogren,* for appellant.
*Snyder, Gale, Hoke, Richards & Janes,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Action for personal injuries sustained by plaintiff on January 22, 1946, at about 9:40 p. m., while seated as a guest in the rear seat of an automobile belonging to defendants Timmers, while it was parked on the right-hand side of the east entrance to the Kellogg underpass near the intersection of Kellogg Boulevard and Washington avenue in St. Paul. While thus parked, an automobile owned and driven by defendant Hanson ran into the rear of the Timmers car, causing plaintiff the injuries complained of.

In their amended answer, defendants Timmers alleged that plaintiff, by remaining in the Timmers car while it was thus parked, as-

sumed the risk of accidental injury of which she complains, and that her negligence in this respect proximately contributed thereto.

At the close of the testimony, defendants Timmers moved for a directed verdict on the grounds that (1) there was no evidence of negligence on their part; and (2) plaintiff assumed the risk of their negligence, if any, and was guilty of negligence proximately contributing to her injuries.

This motion was denied, and subsequently the jury returned a verdict in favor of plaintiff against defendants Timmers for $1,100. At the same time, it returned a verdict in favor of defendant Hanson. This appeal is from a judgment entered pursuant to an order vacating the verdict and granting the motion of the Timmerses for judgment *non obstante*. In its memorandum the trial court stated:

"It is apparent that the jury's verdict is predicated upon a finding by them that the defendants Timmers were negligent in parking their automobile within the approach to the Kellogg Boulevard underpass. It is undisputed that the plaintiff remained seated in this car twenty minutes after the car was so parked. The proximate cause of plaintiff's injuries was the fact that she remained in the car twenty minutes, where she permitted herself to be exposed to any hazard created by the car being so parked. She knew, or in the exercise of ordinary care she should have known the hazard and danger incident to remaining in the car under the circumstances. She, by exposing herself to such hazard, assumed the risk of injury, and her so doing was an independent and efficient cause, intervening between the car being so parked by the defendants, and her injury. If the defendants Timmers were negligent in so parking there, and the jury, by their verdict, found that they were, then she was guilty of precisely the same degree of negligence in remaining in the car until it was struck."

On appeal, plaintiff asserts that three issues of negligence were submitted by the court to the jury as follows: (1) Did the position in which the Timmers car was parked constitute negligence proximately contributing to the accident? (2) Did failure of the Tim-

merses to have proper rear lights on their car constitute such negligence? (3) Did the Timmerses take such extra precautions as were reasonably necessary to avoid accident, in view of the location in which their car was parked, and, if not, did their failure in this respect proximately contribute to the accident?

Plaintiff contends further that a finding on any of these issues in her favor would find ample support in the evidence submitted, and that since the jury's verdict could be founded on any one of them, the court erred in holding that it rested solely upon the negligence involved in the location in which the Timmers car was parked.

In its charge to the jury, on the question of the Timmerses' negligence, the court stated:

"* * * The statute provides further, that no person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic control device, in any of the following places: * * * Upon any bridge * * * or within a highway tunnel, * * *. The statute provides further: Every motor vehicle and every vehicle which is being drawn at the end of a train of vehicles shall be equipped with a lighted rear lamp, exhibiting a red light plainly visible from a distance of 500 feet to the rider. * * *

"You are instructed that the tunnel referred to in this case commenced at the point where any change or cut commences. * * *

"A violation of any of the foregoing statutes is prima facie evidence of negligence. * * *

"If you determine that his [Mr. Timmers'] conduct was negligent, you will then be called upon to determine whether or not the conduct of the plaintiff in remaining in the car under the circumstances known to her, or which in the exercise of ordinary care should have been known to her, was negligence.

"* * * you are instructed that * * * where plaintiff puts herself in a position to encounter known hazards which the ordinary prudent person would not do, she assumes the risk of injury therefrom. * * * If a person had no reasonable ground to anticipate

that a particular act would or might result in injury, then, of course, such would not be negligence."

A summary of the evidence submitted with reference to the issues thus presented indicates that the Timmerses had parked their car near the east entrance of the Kellogg Boulevard underpass on the right-hand side thereof in order to assist a disabled car parked immediately in front of their car. Their headlights remained lighted. Plaintiff testified that a police officer in the vicinity cautioned Mr. Timmers to be careful while his car was thus parked.

Plaintiff at that time was a passenger in the rear seat of the Timmers car. She testified:

"* * * I first realized that that [the Kellogg Boulevard underpass] was the place where the car was parked, after the accident. * * * It seemed to me like there was one officer that talked to Mr. Timmers. It seems to me like he said he could park there for a while, but he should be careful or cautious."

She further testified that it was not over 15 minutes while she sat in the car after it was thus parked until the accident happened; that it did not enter her mind that she was in a dangerous place, although she heard the officer tell Mr. Timmers that it was not a safe place.

With reference to the rear lights on the Timmers car, Mr. and Mrs. Timmers both testified that while the right rear light was disconnected the left rear light was in good order prior to the accident; that subsequent to the accident the glass therein was broken, but that it remained lighted. Defendant Hanson testified that the right rear light of the Timmers car was out at the time of the accident; that the left rear light had an ordinary white bulb and was very dim; that he was only about eight feet from the rear of the Timmers car before he saw the rear reflector thereon, not, however, because of the condition of the light, but rather because (a) another automobile was immediately preceding his car, and (b) the Timmers car was parked some distance down into the entrance to the underpass,

and, because of the decline to the underpass, the rear light on the Timmers car could not have been visible to him in any event.

No evidence was submitted as to any extra precautions or care taken by Mr. Timmers insofar as the Timmers car was concerned or in warning or signaling other cars using the underpass. It is not clear whether the officer's warning was given for the personal safety of Mr. Timmers or whether it related to other cars using the underpass.

1. The general rule governing the assumption of risk is set forth in Landru v. Stensrud, 219 Minn. 227, 229, 17 N. W. (2d) 322, 323, as follows:

"In the ordinary personal injury action, where plaintiff puts himself in a position to encounter *known hazards* which the ordinarily prudent person would not do, he assumes the risk of injury therefrom. Such assumption of risk is but a phase of contributory negligence and is properly included within the scope of that term." (Italics supplied.)

See, also, Hubenette v. Ostby, 213 Minn. 349, 6 N. W. (2d) 637; Schroepfer v. City of Sleepy Eye, 215 Minn. 525, 10 N. W. (2d) 398; Mosheuvel v. District of Columbia, 191 U. S. 247, 24 S. Ct. 57, 48 L. ed. 170; H. E. & W. T. Ry. Co. v. McHale, 47 Tex. Civ. App. 360, 105 S. W. 1149; Restatement, Torts, § 466, *comments c, d;* Prosser, Torts, § 51, p. 379.

2. In support of their contention that plaintiff had assumed the risk of injury by remaining in the rear seat of the Timmers car after it had been parked, defendants Timmers rely on Landru v. Stensrud, 219 Minn. 227, 17 N. W. (2d) 322, and Westerberg v. Motor Truck Service Co. 158 Minn. 202, 197 N. W. 98. The Landru case related to facts entirely dissimilar. There, plaintiff, an automobile guest passenger, was held to have assumed the risk involved in riding in the car while the owner thereof drove it upon thin ice while on a fishing excursion—an undertaking obviously so hazardous that plaintiff must have known the risks attendant thereto. The Westerberg case, while not determining the question, merely implied that

as between the driver of an automobile and a passenger therein who chose to place himself on the running board thereof, the latter might be held to have assumed the risk of any hazard arising from such precarious position.

In Guile v. Greenberg, 192 Minn. 548, 554, 257 N. W. 649, 651, the general rule, which seems to be applicable here, is well expressed as follows:

"* * * In order that a defendant may avail himself of the doctrine of assumption of risk it must appear that the plaintiff had *knowledge* of the risk, and that, having opportunity either to incur it or to avoid it, he voluntarily chose to incur it." (Italics supplied.)

Under the rule governing the assumption of risk set forth in the Landru case, it cannot be held as a matter of law that plaintiff here had placed herself in a position to encounter a known hazard by remaining in the rear seat of the Timmers car after it had been parked near the Kellogg underpass. It may fairly be assumed that after she heard a police officer give Mr. Timmers permission to park his car there to assist another vehicle in connection with a tire change she might reasonably consider that her position was safe, particularly if Timmers complied with the officer's instruction to be careful or cautious. Also, she might reasonably assume that such precautions would include signaling or otherwise warning cars approaching from the rear. There is no evidence that she was aware that Timmers was not proceeding in accordance with such directions. Likewise, there is nothing in the record to indicate that she was aware that Timmers may have had defective rear lights on his automobile, thereby making it difficult for drivers approaching from the rear to ascertain its position.

3. We cannot speculate upon which ground the jury may have found Timmers negligent. We feel that the trial court erred in holding that the jury's finding was limited to the sole ground of negligence in parking in the spot described. It is obvious that it might have been based upon any of the three grounds suggested. Plaintiff cannot be said to have assumed the risk of all three of

such acts of negligence as a matter of law, in view of the fact that she had no knowledge or information with reference to two of them, and, as to the other, had been erroneously led to believe that no hazard was involved in connection therewith.

We hold that the question of plaintiff's assumption of the risk was properly submitted to the jury, and that the court erred in setting aside the verdict.

Reversed with directions to reinstate verdict.

MR. JUSTICE KNUTSON, not having been a member of the court at the time of the argument, took no part in the consideration or decision of this case.

---

[1]Reported in 32 N. W. (2d) 560.